We'll hear counsel in Nestle Waters North America versus City of New York. Morning, your honors. My name is David Schwartz. May it please the court, I represent Nestle Waters North America, Inc. And as the Supreme Court has stated many times, due process requires a fair trial in a fair tribunal. And it's very clear in this case that Nestle Waters was denied due process, both procedural due process and substantive due process. This case is about 41,800 parking tickets, totaling over $4 million. Did you have to pay those tickets before you could challenge them? They did pay the tickets. I didn't ask you whether they paid them. I asked whether you had to pay them. Well, if they didn't pay them, interest would accrue. That's right. And there would be- But my question is, you see, you cite the car seizure case. Whereas car was seized, and you say there was therefore no ex ante review because the car was seized. But here, you could go, as you did with the 38, whether you paid them or not, before they were due, and challenge them. So why wasn't there an ex ante through the administrative judge and Article 78? Why wasn't that an ex ante rather than an exposed? Well, Judge Calabresi, it was completely impractical to challenge 41,800. It's not impractical for anybody who gets a parking ticket and doesn't like it to challenge it. Well, in this particular case, they didn't have to go through the Article 78 process because there was such a systematic violation of their due process rights in this case. The fact that it was a systematic violation means that an ex post is not necessarily enough. Of course, that's so. If it is an aberrant individual, then the ex post is procedurally sufficient. The fact that it was systematic means that it was not that. It doesn't mean that the ex post isn't enough. It means that we have to look further. But my question is, how does that mean that this wasn't an ex ante? Because before you had to pay, you could challenge it. Right, but as the Crimstock case points out, and the litany, especially the Fasciana, where the process is such a sham, and this was a sham process. Why is the process a sham when when you took it, you won? Well, no, because then it's clear, according to these cases, that the pre-deprivation process was a sham. Clearly, when they got to the first department, it wasn't a sham anymore. But the fact of the matter is, when the administrative process is such a sham, where they are systematically misapplying. But the fact that a court, that an administrative agency and then a court makes a mistake does not make the process a sham. If that were so, three quarters of what, every time we get reversed by the Supreme Court, it would mean that we were a sham. And I'd hate to feel that. Judge Calabresi, this clearly wasn't a mistake. This was not a misapplication of the law, like the city argues. This is clearly a complete disregard of the law. The law section vehicle and traffic law 238 sub 2 clearly states that a license plate must be described as shown. But you lost in the Supreme Court, which said the two are essentially the same. And you lost there, so that at least one court thought that the argument that was being made was not, by the administrators, was not frivolous. You then won in the appellate division. I'm not sure, that's a matter of New York law. I'm not sure if under New York law these two are the same or not. The appellate division said that they're not, and that's fine. But how can one say that the holding one way or the other is a sham? Well, clearly it was a sham where you have to describe the license plate as shown. And there is such a systematic violation from the ticket agent on to the administrative process. It's such a sham. And clearly the first department was right in that case to reverse the Supreme Court. But what we're saying here is, and I think it's a very dangerous precedent that where the city argues where this particular matter wasn't decided by a court before this. Therefore, just because it wasn't decided by a court doesn't mean that it was a sham process. Because when you look at the decisions here, clearly the statute speaks for itself. Do we have to have a case analyzing every statute? If I'm illegally possessing a gun, and I have it in my sock and I argue, well, the statute doesn't say that the gun is illegal in my sock, because the court hasn't decided that before, it's a very dangerous precedent. The city clearly, and the agents and the arbitrators clearly disregarded the law. They didn't misapply the law. The law is as clear as day, that where there's an apportioned license plate, you can't describe it as IRP, what the city did was they took the easy way out. Because on their computer system, they couldn't plug in apportioned. It stated IRP. They would have to physically put apportioned in each one. They systematically disregarded that process. And then it went down the line where the judges were told, the administrative judges were told, that it's the same thing. But according to VTL section 238, it's not the same thing. You can't say that IRP is apportioned, and that's where- If the New York- Sorry. New York rules that IRP and apportioned mean the same thing as a matter of state law, isn't that all right? Well, they- Under state law? They didn't. And clearly, the first department was- We as a federal court can't say that the state is wrong in construing its own laws. Well, the state, I mean, they've already taken care of the mistake, but more than the mistake they've made. The disregarding of the law itself. You certainly have the right and the de novo review of this case to look at vehicle and traffic law 238-2, where it clearly states where there's five mandatory elements. They're not elements that can be applied or should be applied, they have to be applied. And so clearly, where one of the elements says the license plate must be described as shown, it's as clear as day. You didn't need a case to tell you- The city didn't need a case to tell you, the ticket agents, the arbitrators didn't need a case. It was very clear that they were misapplying the law. Why did the Supreme Court rule against you, if it was so obvious? I mean, even if you had won in the Supreme Court, it's very hard for me to believe that every time that administrators take a position which it then winner a due process claim. But here, a court decided the two were the same, then it got reversed. These are questions of New York law, and it could be one way or the other. Where does federal due process come into this at all? Clearly, the Supreme Court was wrong, and the first department stated that the Supreme Court was wrong. That's not where our due process violation comes in. Clearly, under the Crimstock line of cases, it doesn't matter that Nestle was afforded due process at the Supreme Court level, where there was just such a systematic violation of their due process rights at the administrative level. Where each ticket would have been another ticket, another ticket. In fact, they would have had to bring 41,800 civil cases, a complete impracticality. That's the- You've reserved some time. Okay, thank you, your honors. May it please the court, Jeremy Schwader for Appalese. Plaintiff brings a due process challenge to state procedures that it has already proven to be adequate in practice. In 2012, plaintiff employed these procedures to challenge 38 parking tickets. It prevailed, it was able to get these tickets annulled, but it never employed the same procedures to the 41,000 tickets at issue here from 2010 to 2014. It certainly had the opportunity, it was available, these procedures were available to it. And the two levels of pre-deprivation procedure and the two levels of post-deprivation procedure are certainly constitutionally adequate here. I don't believe the plaintiff really challenges the procedures that are in place. What he's saying is this is a sham procedure. But he keeps using these catchphrases about deliberate sham. There is really no well-pled allegation here that there is some sort of a plausible suggestion of a deliberate, intentional actions by the city to enrich itself in some sort of illegal manner. I think it's actually noteworthy that plaintiff has moved for some re-judgment in this case without taking any depositions, without trying to establish any proof of what this policy was, who started it, how it was illegal, how it was implemented. They just want to rely on this- If people do not pay a parking ticket and choose to challenge it, the city can charge interest. Can it do something else while the challenge is going on? Can it seize the car? Can it do other things? So it can happen in the situation where there are many parking tickets that haven't been paid and they come across the car. They can- After the time when a challenge could have been made, if there are a whole lot of them, then they can put boots on or seize things or so on. But if I get a parking ticket, or if the first time it happened that these people, having an IRP instead of an AP or whatever, said, this is wrong and don't pay it and go to challenge it. Can the city do anything except charge interest if they lose? No, and that's right. And in this case, in 90% of the tickets that they received, they did a pre-deprivation challenge. And that's at 8 to 10 of the record. So they used the procedures that were available to them to challenge 90% of these tickets administratively. Before they paid anything. They chose not to take this on to Supreme Court and the First Department. When they eventually did, they won. They'd done it- They won the Supreme Court. They eventually took it to the Supreme Court and they lost and then they took it verbally. And I think it's very important to note that the Supreme Court found that it was completely legal for them to think that this was just a substitution which was allowed under state law. Eventually, the First Department disagreed. But this goes, as you pointed out, that there's not any sort of sham here. There was a really, this is just a state procedure, which a difference in interpretation of what the state law allowed. That is not a sham procedure. You chose not to ask the Court of Appeals to review the appellate division? That is correct. We immediately changed the policy so that there's no, we listened to the First Department, the policy was immediately changed. It was a disagreement of state law and nothing else. And that is not a sham procedure. And I'll point out that the law was very clearly not clear at the time. They rely on these two cases, Rider and Wheels. Rider says you can't omit the elements required by the vehicle and traffic law. Wheels is a three sentence opinion which goes on to say, well, you can't also misdescribe. But it's certainly reasonable for my clients to think that IRP and misdescription under the law, they were proven incorrect. But that does not lead to a due process violation or a substitute due process violation. If there's no further questions from the court, I'll rest on my briefs. Thank you. Mr. Edwards. Just to address Judge Calabrese's comment before, because I got off track. It would be impractical for Nestle Water to have trucks where they didn't pay the tickets, they were in default, and now their trucks are being towed while they're trying to, so that would have been a remedy also. Again, the first time you got a ticket, the first time you could go, as they say you did, to the administrator. They lost. Couldn't you that time appeal to the Supreme Court? And if you lost there, then go to the appellate division and win. In which case, you would have done this once, and these 41,000 cases, which would have come up after, would not have come up, because you would have won. That's so impractical about- No, no, on one ticket, absolutely. But the fact of the matter is, Nestle didn't have to, because there was such a systematic violation here, and clearly it wasn't a misinterpretation or misapplication of the law. The law is clear that it has to be described as shown. You can't say that IRP is apportioned. The city chose to disregard the law. The administrators chose to disregard the law. It was a systematic violation of their due process rights, and yes, they could have taken the one ticket and gone up that way. But they could also go to federal court where you have, and this is the exact situation why they are afforded to go to federal court. When you have 41,800 tickets and violations which keep going. And by the way, if they did challenge the first one, they still would have had all these other violations. So each ticket- Can I ask one more question? Yes. Was the misdescription of the vehicle the only argument that was raised in protest of these parking tickets? Well, each ticket had its own set of circumstances. So whether it was double parking or bus stops, there were other arguments. However, the central argument to all of them are that the city systematically broke the law. The city systematically disregarded the law. They didn't misapply the law. They systematically disregarded the law. And we would ask you to reverse the decision below, to grant summary judgment based on those facts, and to remand this case for an inquest. And if you don't grant summary judgment, there may be some factual issues which have to be taken care of in the federal court to at least reverse this decision, which is, by the way, is counterintuitive, because on the one hand, Judge Carter acknowledged that there was a systematic violation, in which they, in fact, Judge Carter ruled that you could bring the case in federal court under these circumstances. But the arguments are so circular and so interrelated that in the same analysis, it was determined that, well, you had due process. You know what? If you had 20 levels of due process in this case, it wouldn't have changed the results. It would have been the same wrong results. Thank you, your honors. We'll reserve the decision. We'll hear the